870 F.2d 656
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur J. GASPERINI, Defendant-Appellant.
 No. 88-5055.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1988.
Decided March 2, 1989.
 
 Walter H. Dalton (Hamrick, Bowen, Nanney & Dalton, on brief) for appellant.
 William S. Rose, Jr., Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf, Michael E. Karam (Tax Division, United States Department of Justice, on brief), Thomas J. Ashcraft, United States Attorney, for appellee.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and RICHARD B. KELLAM, Senior United States District Judge, Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Arthur J. Gasperini appeals from a jury verdict finding him guilty of failing to file his 1982 and 1983 individual income tax returns in violation of 26 U.S.C.A. Sec. 7203 (West Supp.1988). We affirm.
 
 
 2
 The two-count indictment states that Gasperini had gross income of $96,909 during 1982 and $74,248 during 1983 and that he wilfully failed to file his returns on or before the appropriate deadlines. At trial, he stipulated that he failed to file his 1982 return on or before April 15, 1983, and his 1983 return on or before April 15, 1984. In fact, he did not file these returns until May 1986. The sole issue for jury consideration, therefore, was whether Gasperini's failure to file was wilful.
 
 
 3
 After the district court denied Gasperini's motion for judgment of acquittal, it instructed the jury concerning the law governing the jury's deliberations, including detailed instructions on wilfulness. Gasperini objects to that part of the instructions in which the court stated: "Now everyone knows [about the April 15 filing deadline]. Oh, they talk about it on the television.... And so everybody knows they've got to be filed by 15th of April on the following year." The jury returned a guilty verdict on both counts, and the district court sentenced Gasperini to imprisonment for six months on the first count and for one year on the second count. The court, however, suspended the one-year sentence and placed him on probation for three years.
 
 
 4
 On appeal, Gasperini argues that the district court erred in denying his motion for judgment of acquittal because he contends that the language of the indictment required the government to prove that he never filed tax returns for 1982 and 1983. Both counts of the indictment, however, tracked section 7203 and clearly stated that Gasperini failed to file on time. Count One, for example, states, among other things, "that by reason of such income he was required by law, following the close of the calendar year 1982 and on or before April 15, 1983, to make an income tax return." Section 7203 makes wilfully failing to file tax returns on time a crime. Gasperini concedes the failure to file on time, and, contrary to his contentions, the evidence provided the jury with more than an adequate basis for considering that Gasperini wilfully failed to file timely returns.
 
 
 5
 Finally, we find no merit to Gasperini's argument that the district court's instructions were erroneous. Instructions, of course, must be considered in their entirety. So viewed, they were clearly not prejudicial. Accordingly, we affirm.
 
 
 6
 AFFIRMED.